UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JEROME J. GIBSON,<br>        Petitioner,<br><br>        v.<br><br>JEFFREY BEARD, LOUIS FOLINO,<br>THE ATTORNEY GENERAL OF THE<br>STATE OF PENNSYLVANIA,<br>THOMAS MCGINLEY, and THE DISTRICT<br>ATTORNEY FOR BUCKS COUNTY,<br>        Respondents. | No. 2:10-cv-0445 |

**O P I N I O N**
**Federal Rule of Civil Procedure 60(b) Motion, ECF No. 98—Dismissed**

**Joseph F. Leeson, Jr.**                                                                               **December 18, 2019**
**United States District Judge**

      Petitioner Jerome Gibson is serving a life sentence of imprisonment for his 1995 conviction in state court of first-degree murder. Gibson's conviction was subsequently affirmed on direct appeal, and in 2010 he filed a federal habeas corpus petition pursuant to 28 U.S.C. § 2254. In his § 2254 petition, Gibson sought habeas relief (1) under *Brady v. Maryland* for the alleged suppression of evidence with respect to ten witnesses at his trial, (2) for ineffective assistance of counsel based on at least nine different grounds, as well as (3) upon a theory of cumulative error. That petition was denied on the merits by the United States District Court for the Eastern District of Pennsylvania in a 2016 decision, which was subsequently affirmed by the Third Circuit Court of Appeals.

      Gibson now brings a motion under Federal Rule of Civil Procedure 60(b)[1] for relief from his 1995 conviction based on "fraud" having been allegedly committed on both the state trial

---

[1]     Gibson appears to invoke Rule 60(b)(3) as well as Rule 60(b)(6).

court and the federal court adjudicating his habeas petition. Rule 60(b) Mot., ECF No. 98; Reply, ECF No. 103. The Commonwealth of Pennsylvania opposes the motion, arguing that it is both untimely under Rule 60 as well as an unauthorized second or successive habeas petition. Opp'n., ECF No. 102. The Court agrees. Because Gibson's Rule 60(b) motion is an unauthorized second or successive habeas petition, and because it is also untimely under Rule 60(c), it is dismissed.

I. BACKGROUND

The procedural history of this case is complex, and the Court outlines only the information necessary to place the instant motion in context.

On March 13, 1995, Gibson was found guilty of first-degree murder, among other offenses, by a Bucks County, Pennsylvania jury for the 1994 murder and robbery of Robert Berger. At the penalty phase of the proceedings, the jury determined that Gibson should be sentenced to death. The Pennsylvania Supreme Court affirmed Gibson's conviction and sentence in 1998, *Com. v. Gibson*, 553 Pa. 648 (1998), and the United States Supreme Court denied certiorari in 1999, *Gibson v. Pennsylvania*, 528 U.S. 852 (1999).

Gibson next sought relief pursuant to Pennsylvania's Post Conviction Act ("PCRA"), 42 PA. CONST. STAT. § 9541, *et seq.*[2] The PCRA court denied relief as to Gibson's guilt, but

---

2   As the Pennsylvania Supreme Court has explained,

> [t]he purpose of the PCRA is to provide an action for persons convicted of crimes they did not commit and persons serving illegal sentences to obtain relief. The prisoner initiates the proceedings and bears the burden of proving, by a preponderance of the evidence, that his conviction or sentence resulted from one or more of the PCRA's specifically enumerated errors and that the error has not been waived or previously litigated.

*Com. v. Haag*, 809 A.2d 271, 284 (Pa. 2002); *see Com. v. Martorano*, 89 A.3d 301, 306 (Pa. Super. Ct. 2014) (quotation marks omitted) ("A PCRA petition is, generally, the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the

determined that Gibson met the criteria for mental retardation set forth in *Atkins v. Virginia*, 536 U.S. 304 (2002). The Pennsylvania Supreme Court subsequently affirmed the finding of mental retardation, modified Gibson's sentence from one of death to one of life imprisonment, and remanded the case back to the Superior Court for appellate review of the trial court's guilt-phase rulings. *Com. v. Gibson*, 592 Pa. 411 (2007). The Superior Court affirmed the trial court's denial of guilt-phase PCRA relief, *Com. v. Gibson*, Nos. 1778 & 1779 EDA 2007, Slip Op. 1-35, 959 A.2d 962 (Pa. Super. Ct. July 8, 2008), and the Pennsylvania Supreme Court denied allowance of appeal.

In 2010, Gibson filed a § 2254 petition for habeas relief in federal court.[3] ECF No. 1. In addition to asserting claims for ineffective assistance of counsel and cumulative error, Gibson's petition alleged ten bases for *Brady* violations. *Id.* In 2011, Gibson was granted leave to supplement his habeas petition based on the discovery of additional material potentially relevant to his *Brady* claims. ECF No. 46, 49. The federal proceeding was then stayed as Gibson pursued a successive PCRA petition to exhaust claims based on the newly discovered evidence. ECF No. 62. In an Order entered January 21, 2014, the PCRA court determined that Gibson's successive PCRA petition was time-barred and dismissed it for lack of jurisdiction. The Superior Court subsequently affirmed the trial court's determination that Gibson's second PCRA petition was time-barred and that the court lacked jurisdiction to review the petition as a result. *Com. v. Gibson*, 584 EDA 2014, Slip. Op. 1-23 (Pa. Super. Ct. Jan. 16, 2015).

The proceedings then returned to federal court. On July 28, 2015, Magistrate Judge Wells issued a Report and Recommendation in which she found that all claims asserted in

---

same purpose that exist when this subchapter takes effect, including habeas corpus and coram nobis.").

[3] Gibson was represented by the Federal Community Defenders during both his habeas proceeding and his PCRA proceeding.

Gibson's § 2254 petition were either time-barred, procedurally defaulted, or lacked merit, and recommended the claims be dismissed or denied accordingly. ECF No. 76; *Gibson v. Beard*, No. CV 10-445, 2015 WL 10381753, at *1 (E.D. Pa. July 28, 2015). Gibson filed objections to the Report and Recommendation. ECF No. 82. In an Opinion dated February 29, 2016, District Judge Dalzell overruled Gibson's objections, approved and adopted Magistrate Judge Wells' Report and Recommendation, and denied and dismissed Gibson's petition without holding an evidentiary hearing or issuing a Certificate of Appealability. ECF No. 89; *Gibson v. Beard*, 165 F. Supp. 3d 286 (E.D. Pa. 2016).

Gibson subsequently filed a Notice of Appeal and application for a Certificate of Appealability, which was granted by the Third Circuit Court of Appeals. After briefing and argument, in a decision issued December 22, 2017, the Third Circuit affirmed the district court's denial and dismissal of the petition, concluding (1) the failure to disclose certain evidence pertaining to three trial witnesses did not constitute *Brady* violations; (2) Gibson was not prejudiced by evidence that was suppressed; (3) Gibson failed to establish that he was prejudiced by his trial counsel's conduct and therefore could not establish a claim of ineffective assistance of counsel; and (4) Gibson's claim under the "cumulative error" doctrine lacked merit. *Gibson v. Sec'y Pennsylvania Dep't of Corr.*, 718 F. App'x 126 (3d Cir. 2017). The Supreme Court subsequently denied Gibson's petition for a writ of certiorari. *Gibson v. Wetzel*, 139 S. Ct. 242, 243 (2018).

On August 12, 2019, Gibson filed the instant motion pursuant to Federal Rule of Civil Procedure 60(b), after which the case was transferred to the Undersigned. ECF No. 98, 101. Gibson's motion is titled "PETITION FOR REVIEW UNDER FEDERAL RULE OF CIVIL PROEDURE 60(B)(3)." Rule 60(b) Mot. at 1. The first paragraph of Gibson's motion states as follows:

> Petitioner hereby asseverates the Prosecutor, C. Theodore Fritch, Jr., representing the Commonwealth of Pennsylvania, Bucks County, and the Federal Prosecutor in [his] related habeas corpus petition (docket # 10-cv-0445), Karen A. Diaz, Esq., committed [ ] fraud in the State court proceedings and on this Federal District Court by presenting perpetual [intrinsic] fraud on the court in reference to the ["N"]otes of [Detective Randy C. Morris], the false testimony of eyewitness, Michael Segal, and witness Glenn Pollard, and ineffective assistance of trial counsel(s) and appellate counsel surrounding the same.[4]

*Id*. The motion then proceeds to elaborate on these and other challenges to Gibson's state court conviction, as well as attack representations made by counsel for Bucks County, Karen A. Diaz, Esq., in the County's opposition to Gibson's now-dismissed habeas petition.

Attorney Diaz filed opposition to the instant motion on behalf of Bucks County, arguing that the motion is both untimely under Rule 60, as well as an unauthorized second or successive habeas petition. Opp'n. Gibson filed a reply memorandum titled "PETITIONER'S RESPONSE TO OPPOSING ANSWER IN REFERENCE TO PETITIONER'S MOTION FOR RELIF OF HABEAS JUDGMENT UNDER F.R.CIV.P. 60(B)(3) & (6)." Reply at 1, ECF. 103. In this reply, Gibson "concede[s] [that] this is an untimely Motion under F.R.Civ.P. 60(C)," however, he states that "this concession does not preclude review of Petitioner's Motion in light of the extraordinary circumstances of the case." *Id*.

## II. STANDARD OF REVIEW AND APPLICABLE LAW

### A. Federal Rule of Civil Procedure 60

Federal Rule of Civil Procedure 60(b) provides as follows:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> > (1) mistake, inadvertence, surprise, or excusable neglect;

---

[4] This quotation is reproduced without any alteration or omission.

> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

FED. R. CIV. P. 60(b). Rule 60(c) in turn provides the timing within which a Rule 60(b) motion must be made: either within a year of the entry of order or judgment from which the motion seeks relief if the motion is made pursuant to Rule 60(b)(1), (2), or (3), or "within a reasonable time" if the motion is made under any other provision. FED. R. CIV. P. 60(c).

Gibson's initial motion states that he is moving under Rule 60(b)(3), however his reply memorandum states he is moving under both Rule 60(b)(3) *and* 60(b)(6). The standard to reopen a judgment under Rule 60(b)(3) "is a rigorous one: To reopen a judgment under Rule 60(b)(3), specifically, a plaintiff *must show, by clear and convincing evidence*: (1) that the adverse party engaged in fraud or misconduct; and (2) that [th]is conduct prevented the moving party from fully and fairly presenting this case." *July v. D'Ilio*, No. CV 13-6741, 2018 WL 3492144, at *2 (D.N.J. July 20, 2018) (emphasis in original) (quoting *Toolasprashad v. Wright*, No 02-5473, 2008 WL 4845306, at *5 (D.N.J. Nov. 3, 2008)). Similarly, relief under Rule 60(b)(6) is not easily obtained. "Despite the open-ended nature of the provision, a district court may only grant relief under Rule 60(b)(6) in 'extraordinary circumstances where, without such relief, an extreme and unexpected hardship would occur.'" *Satterfield v. Dist. Attorney Philadelphia*, 872 F.3d 152, 158 (3d Cir. 2017) (quoting *Cox v. Horn*, 757 F.3d 113, 118 (3d Cir. 2014)). "This is a difficult standard to meet, and '[s]uch circumstances will rarely occur in the habeas context.'"

*Satterfield*, 872 F.3d at 158 (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005)); *see Box v. Petsock*, No. 3:86-CV-1704, 2014 WL 4093248, at *4 (M.D. Pa. Aug. 18, 2014) ("A 'movant seeking relief under Rule 60(b)(6) [must] show 'extraordinary circumstances' justifying the reopening of a final judgment." (quoting *Gonzalez,* 545 U.S. at 535)).

### B. Second or successive habeas petitions

In addition to possessing an understanding of the proper scope of relief under Rule 60, a court reviewing a Rule 60 motion from a movant who has previously petitioned for habeas relief must determine if such relief is barred by 28 U.S.C. § 2244(b)(2). That provision deprives a district court of jurisdiction to entertain "[a] claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application," unless the applicant can show (1) the claim relies on a new rule of constitutional law, or (2) the factual predicate for the claim could not have been discovered previously, and the new facts, if proven, would establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty. 28 U.S.C. § 2244(b)(2); *Burton v. Horn*, No. CV 09-02435, 2018 WL 5264336, at *4 (E.D. Pa. Oct. 22, 2018) ("[D]istrict courts lack subject matter jurisdiction for second or successive habeas petitions that are not precertified by the court of appeals" (citing *Burton v. Stewart*, 549 U.S. 147, 152 (2007))); *United States v. Vas*, 255 F. Supp. 3d 598, 603 (E.D. Pa. 2017) (same). Therefore, "[c]ourts must determine whether the Rule 60(b) motion is a second or successive habeas petition before addressing the merits of the motion." *Burton*, 2018 WL 5264336, at * 4 (citing *Gonzalez*, 545 U.S. at 530).

"[A] 'claim' as used in § 2244(b) is an asserted federal basis for relief from a state court's judgment of conviction." *Gonzalez*, 545 U.S. at 530. The Supreme Court has said the following regarding Rule 60(b) motions that contain "claims" of this type:

> Virtually every Court of Appeals to consider the question has held that such a pleading, although labeled a Rule 60(b) motion, is in substance a successive habeas petition and should be treated accordingly.
>
> We think those holdings are correct. A habeas petitioner's filing that seeks vindication of such a claim is, if not in substance a "habeas corpus application," at least similar enough that failing to subject it to the same requirements would be inconsistent with the statute.

*Gonzalez*, 545 U.S. at 531 (internal citation and quotation marks omitted). Consequently, "[a] Rule 60(b) motion is treated as a successive habeas petition if it is based on a challenge to the underlying conviction or attacks a previous federal court resolution of a claim on the merits." *Burton*, 2018 WL 5264336, at *4 (citing *Gonzalez*, 545 U.S. at 532); *see Alexander v. Wynder*, No. CIV.A. 07-510, 2007 WL 3252093, at *3 (E.D. Pa. Nov. 1, 2007) ("[I]f a Rule 60(b)(6) motion sets forth what would constitute a 'claim' for habeas relief by attacking 'the federal court's previous resolution of a claim on the merits,' such a motion must be considered a successive petition." (quoting *Gonzalez,* 545 U.S. at 532)). On the other hand, a Rule 60(b) motion may be resolved on the merits of its claims if, rather than challenging the underlying conviction or a federal court's resolution of a claim on the merits, it attacks "some defect in the integrity of the federal habeas proceedings." *United States v. Morgan*, No. CR 12-23, 2018 WL 3618251, at *5 (E.D. Pa. July 27, 2018) ("A Rule 60(b) motion amounts to a successive habeas petition, and thus is subject to the limitations of AEDPA, if it 'attacks the federal court's previous resolution of a claim <u>on the merits</u>' rather than attacking 'some defect in the integrity of the federal habeas proceedings.'" (emphasis in original) (quoting *United States. v. Andrews*, 463 F. App'x 169, 171 (3d Cir. 2012))).

### III. ANALYSIS

Because, pursuant to 28 U.S.C. § 2244(b)(2), a federal court does not possess jurisdiction to review an unauthorized second or successive habeas petition cloaked as a Rule 60(b) motion,

the threshold question before the Court is whether Gibson's Rule 60(b) motion is a true Rule 60(b) motion, or, in reality, a successive habeas petition.

### A. Gibson's Rule 60(b) motion is an unauthorized second or successive habeas petition which the Court lacks jurisdiction to review.

When viewing Gibson's moving papers, it is clear he is attempting to challenge his underlying state court conviction. Specifically, he contends his conviction should be overturned because of alleged "fraud [committed] in the State Court proceedings." Rule 60(b) Mot. at 1. He states that this fraud stems from several sources, one being the "notes" of Detective Randy C. Morris. While testifying at trial, Detective Morris asked to refer to his notes, however, Gibson claims that rather than being handed his "notes" by the prosecutor, he was handed incriminating "false evidence." *Id*. at 14. This conclusion, Gibson argues, is supported by contradictions between Detective Morris' trial testimony and his testimony in other parts of the PCRA record. *Id*. at 12-14. In addition to the "notes" of Detective Morris, Gibson claims the prosecutor "'knowingly' [ ] presented [false testimony] from Michael Segal, the witness who testified he saw the victim shot." *Id*. at 9. Gibson claims that Mr. Segal's testimony at a preliminary hearing was less incriminating to Gibson than his trial testimony, which differed in material ways, and which the prosecutor failed to "correct." *Id*. at 9-12. Lastly, Gibson claims fraud was committed on the trial court in the form of the testimony of informant Glenn Pollard, who, according to Gibson, falsely claimed "he had not received assistance from the District Attorney's Office" which "was [in]correct [and] was not corrected by the prosecutor." *Id*. at 15.

The above claims render Gibson's Rule 60(b) motion a successive habeas petition "because they attack his underlying conviction rather than a procedural defect in a prior habeas proceeding." *Morgan*, 2018 WL 3618251, at *5; *see Vas*, 255 F. Supp. 3d at 603 (explaining that a habeas petition is considered "second or successive" if it challenges "the same

judgment" as a prior petition). Additionally, Gibson's attempts to cast his Rule 60(b) motion in a light that will save it from dismissal are unpersuasive. To that end, Gibson contends "[t]hese claims of fraud on the court in reference to Michael Segal, Detective Randy Morris and Glen [sic] Pollard were never litigated on any level," and the Rule 60(b) motion should not be considered a successive habeas petition accordingly. Reply at 2. However, this is simply incorrect, as the factual assertions underlying Gibson's "fraud" claims were indeed litigated in the habeas proceeding. At multiple points in his initial habeas petition Gibson identified the dubious nature of the "notes" Detective Morris reviewed during his testimony and their relationship to the alleged inconsistencies in his testimony. *See, e.g.*, Hab. Pet. ¶¶ 17, 154-61, ECF No. 1. Similarly, Gibson argued that Mr. Segal "changed his testimony," *id* ¶ 140, and that Mr. Segal "was coached in his testimony and that the prosecution failed to correct false testimony," *id.* ¶ 138; *see id.* ¶¶ 139-41. Gibson also identified issues arising from Glenn Pollard's testimony and alleged that "[t]he Commonwealth never revealed . . . that he was a repeat informant who would say whatever would help him out and whom even the police did not trust." *Id.* ¶ 6; *see id* ¶¶ 37-41.

As these claims and others in Gibson's habeas petition illustrate, the notion that the claims in the instant Rule 60(b) motion are somehow "new" is simply erroneous. Rather, they rely entirely on facts that were known to Gibson at the time he filed his initial petition; indeed, the arguments made in the two filings are, in sum and substance, identical. A motion asserting facts or arguments that were or could have been asserted in a previous petition but were not is, without more, properly considered a second or successive habeas petition. *See Berry v. Kauffman*, 208 F. Supp. 3d 676, 679 (E.D. Pa. 2016) (dismissing a habeas petition as second or successive where "Petitioner's claims attack the same sentence challenged in prior petitions, and could have been raised in those petitions"); *Shockley v. Phelps*, 769 F. Supp. 2d 725, 727 (D.

Del. 2011) ("[A] habeas application is classified as second or successive if a prior application has been decided on the merits, the subsequent application asserts a claim that was or could have been raised in the prior habeas application, and the prior and subsequent applications challenge the same conviction."); *Benchoff v. Colleran*, 404 F.3d 812, 817 (3d Cir. 2005) ("The primary question, therefore, is whether [petitioner] could have raised this challenge to Pennsylvania's parole procedures in his first habeas petition."); *cf. Queen v. Miner*, 530 F.3d 253, 255 (3d Cir. 2008) (explaining that a habeas petitioner "may not raise new claims that could have been resolved in a previous action").

The most that might be said of the instant claims is that Gibson has taken his original factual assertions of false testimony and prosecutorial misconduct and, rather than use them to argue ineffective assistance of counsel or *Brady* violations, has restyled them to support claims of "fraud." However, this restyling is insufficient to circumvent § 2244(b)(2)'s prohibition; the motion remains a successive habeas petition, which the Court lacks jurisdiction to review. *See Berry*, 208 F. Supp. 3d at 679 (finding a habeas petition to be "successive" where the claims in it were "simply a new take on Petitioner's previous argument, raised in his [previous] habeas petition").

Indeed, Gibson effectively concedes that there are no facts underlying his instant claims of which he was unaware during his trial or when his initial habeas petition was filed. His reply memorandum avers that "from the onset of Petitioner's trial he had been shouting prosecutorial misconduct in reference to fraud on the court, and on the federal level Petitioner brought it to the attention of Judge Wells." Reply at 2. Gibson claims that his habeas counsel "refused" to assert his claims of fraud, and he was therefore "precluded from submitting any motion pro se until the conclusion of his habeas appeal." *Id*. He argues that these "extraordinary circumstance[s]" should be sufficient to imbue this Court with jurisdiction to review his motion. *Id*. at 1-2.

This argument is unpersuasive. As the Court has observed, Gibson's allegations of "fraud" are simply a repackaging of his myriad other contentions that appear in his initial habeas petition. Consequently, he cannot claim he was "precluded" from seeking habeas relief on the basis of these allegations—they were included in his petition. Moreover, there is absolutely no indication that had claims in the habeas petition been framed as claims of "fraud" on the court as opposed to *Brady* violations or claims of ineffective assistance of counsel, they would have been more likely to succeed. Gibson is therefore unable to point to any prejudice as a result of his counsel's alleged failure to present his claims in the manner Gibson wished. Finally, because "[t]here is no constitutional right to habeas counsel, *see Reese v. Fulcomer*, 946 F.2d 247, 263 (3d Cir. 1991), and no statutory right to habeas counsel in a non-capital case," *Tirado v. Sommers*, No. CV 17-0194, 2018 WL 2145869, at *12 (E.D. Pa. Feb. 13, 2018), *report and recommendation adopted*, No. CV 17-0194, 2018 WL 2129488 (E.D. Pa. May 9, 2018), the Court is not persuaded that any failure of Gibson's habeas counsel—which, again, does not seem apparent—would provide sufficient grounds to warrant relief, whether in the form of habeas relief or Rule 60(b) relief.[5] *See Hennessey v. Zimmerman*, No. CIV. A. 84-6225, 1998 WL 136528, at *4 (E.D. Pa. Mar. 23, 1998) ("Hennessey had no constitutional right to counsel on his habeas petition, so ineffective assistance of habeas counsel is not a ground to set aside such proceedings."), *aff'd sub nom. Hennessey v. Superintendent, S.C.I. Graterford*, 261 F.3d 491 (3d Cir. 2001).

---

[5] Rule 60(b) relief—which would require construing this portion of Gibson's Rule 60(b) motion as a challenge to a "procedural defect in [his] prior habeas proceeding," *Morgan*, 2018 WL 3618251, at *5, therefore avoiding classification as a second or successive habeas petition—is also unavailable on timeliness grounds, upon which the Court expands in the subsequent section of this Opinion.

For these reasons, Gibson's Rule 60(b) motion is, in actuality, an unauthorized second or successive habeas petition. The Court does not have jurisdiction to review it accordingly.

**B.** **Gibson's Rule 60(b) motion is untimely.**

While a large portion of Gibson's motion directly attacks his state court conviction and is therefore easily identifiable as a successive habeas petition, even the portion of the motion that purports to challenge the prior habeas proceedings simply repeats his arguments attacking his conviction. Gibson argues that counsel for Bucks County, attorney Diaz, "failed to review the record before she submitted her memorandum [in opposition to the habeas petition] to determine if any error, whether intentional or without purpose, was committed by [the prosecutor]" during his trial. Rule 60(b) Mot. at 16. As a result, Gibson's claim for Rule 60(b) relief based upon "[f]raud on the Federal District Court" is indistinguishable from his claim for relief based upon perceived constitutional deficiencies in the underlying state proceedings. However, even if the Court were to determine Gibson's Rule 60(b) motion was a true attack on "a procedural defect in a prior habeas proceeding" and, accordingly, not a successive habeas petition, *Morgan*, 2018 WL 3618251, at *5, his motion would be untimely.

As noted previously, Gibson initially states he is seeking relief under Rule 60(b)(3), *see* Rule 60(b) Mot. at 1, before claiming relief under both 60(b)(3) and 60(b)(6), *see* Reply at 1-2. "A motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." FED. R. CIV. P. 60(c). The relevant determination associated with Gibson's habeas petition became "final" on February 29, 2016, when District Judge Dalzell overruled Gibson's objections to the Report and Recommendation, adopted the Report and Recommendation in full, and dismissed and denied the habeas petition. ECF No. 89; *Gibson v. Beard*, 165 F. Supp. 3d 286 (E.D. Pa. 2016). *See Penn W. Assocs., Inc. v. Cohen*, 371 F.3d 118, 125 (3d Cir. 2004)

(explaining that a decision is "final" when (1) it fully resolves all claims and (2) when there is nothing left for the court to do but execute the judgment). Gibson filed the instant motion on August 12, 2019, approximately three and one-half years later. Therefore, to the extent he seeks relief under Rule 60(b)(3), his motion is untimely, a conclusion Gibson himself concedes. *See* Reply at 1 ("Having reviewed the applicable case law and all other circumstances relevant to the instant matter, Petitioner concede[s] this is an untimely Motion under F.R.Civ.P. 60(C).").

Gibson argues, however, that owing to the "extraordinary circumstance[s]" presented here, his motion should receive review under Rule 60(b)(6), thereby subjecting it to the "reasonable time" filing requirement rather than the one-year requirement. Reply at 1-2. The Court is not persuaded. "The fundamental point of 60(b) is that it provides 'a grand reservoir of equitable power to do justice in a particular case.' A movant, of course, bears the burden of establishing entitlement to such equitable relief, which, again, will be granted only under extraordinary circumstances." *Cox v. Horn*, 757 F.3d 113, 122 (3d Cir. 2014) (quoting *Hall v. Cmty. Mental Health Ctr.*, 772 F.2d 42, 46 (3d Cir. 1985) and citing *Mayberry v. Maroney,* 558 F.2d 1159, 1163 (3d Cir. 1977)). Gibson has not shown an entitlement to equitable relief under Rule 60(b)(6). He has pursued direct and collateral challenges to his conviction, and his claims of prosecutorial misconduct and ineffective assistance of counsel—now styled as claims of "fraud on the court," Reply at 2— have been fully and fairly litigated. Because he is not entitled to relief under Rule 60(b)(6), the instant motion—to the extent it can be construed as a proper Rule 60(b) motion at all—is properly construed as a Rule 60(b)(3) motion and is therefore subject to the one-year filing requirement, a requirement Gibson has not satisfied.

Moreover, even if the circumstances warranted Rule 60(b)(6) relief, three and one-half years after dismissal of his habeas petition is not "within a reasonable time" of that dismissal. *See Estate of Hernandez v. Kretz*, No. CIV.A. 12-3152, 2015 WL 4392366, at *3 (D.N.J. July

15, 2015) (finding "nearly two years after judgment" did not satisfy Rule 60(c)'s "reasonable time" standard); *Baker v. Douglas*, No. 4:08-CV-770, 2010 WL 4386476, at *3 (M.D. Pa. Oct. 29, 2010) (finding that although a motion seeking relief under Rules 60(b)(1) and 60(b)(2) were filed exactly one-year after entry of final judgment, they did not satisfy the reasonable-time requirement based on the circumstances of the case, and "even claims brought within the one year limit are subject to Rule 60(b)'s reasonableness requirement"); *see also Crawford v. Frimel*, No. 1:05-CV-00118, 2017 WL 10379589, at *4 (E.D. Pa. Mar. 29, 2017).

For the reasons set forth above, were the Court to construe Gibson's motion as a Rule 60(b) motion rather than a second or successive habeas petition, it would be untimely.

### C. There is no basis for the issuance of a Certificate of Appealability.

"[A] litigant seeking a [Certificate of Appealability] must demonstrate that a procedural ruling barring relief is itself debatable among jurists of reason; otherwise, the appeal would not 'deserve encouragement to proceed further.'" *Buck v. Davis*, 137 S. Ct. 759, 777 (2017) (quoting *Slack v. McDaniel,* 529 U.S. 473, 484 (2000)). An appeal from a ruling denying relief under Federal Rule of Civil Procedure 60(b) requires a prospective appellant to obtain a Certificate of Appealability before proceeding. *See Buck*, 137 S. Ct. at 777 ("The Rule 60(b)(6) holding Buck challenges would be reviewed for abuse of discretion during a merits appeal, *see* 11 C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure § 2857 (3d ed. 2012), and the parties agree that the COA question is therefore whether a reasonable jurist could conclude that the District Court abused its discretion in declining to reopen the judgment.")

Reasonable jurists could not disagree as to whether Gibson is entitled to relief here. His Rule 60(b) motion is properly considered an unauthorized second or successive habeas petition, and as such the Court is without jurisdiction to review it. Even if the Court determined Gibson's motion was truly a Rule 60(b) motion—in that it challenged not his conviction but a procedural

defect in the prior habeas proceeding—it would be reviewable as a Rule 60(b)(3) motion, under which Rule it would be untimely. In the Court's view, it is not the case that reasonable jurists would find this analysis or these conclusions debatable—both are based upon well-established legal principles.

As a result, Gibson is not entitled to a Certificate of Appealability.

## IV. CONCLUSION

For the reasons set forth herein, the Court concludes that Gibson's Rule 60(b) motion is an unauthorized second or successive habeas petition which the Court lacks jurisdiction to review. The motion is dismissed accordingly. Moreover, Gibson is not entitled to a Certificate of Appealability.

A separate Order follows.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*_____
JOSEPH F. LEESON, JR.
United States District Judge